UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AMY SIMON, individually and on behalf of others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | |
| | ) | No. 16 cv 6072 |
| v. | ) ) | |
| | ) | Chief Judge Rubén Castillo |
| FAIR COLLECTIONS & OUTSOURCING, INC., and CPF MONDIAL, LLC | ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Amy Simon ("Plaintiff") brings this action against Fair Collections & Outsourcing, Inc.

("FCO"), and CPF Mondial, LLC ("CPF Mondial," collectively "Defendants"). Plaintiff alleges

that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

("FDCPA"), when they contacted her family and misrepresented their identity when attempting

to collect a debt. CPF Mondial moves to dismiss Plaintiff's claim against it pursuant to Federal

Rule of Civil Procedure 12(b)(6). (R. 14, Mot. to Dismiss.) For the reasons stated below, the

Court grants CPF Mondial's motion.

## BACKGROUND

On April 4, 2014, Plaintiff entered into a one-year lease agreement for an apartment

located in Chicago, Illinois, with the building's owner, CPF Mondial. (R. 13-3, Ex. 3 to Am.

Compl., Lease.) The following year, Plaintiff allegedly incurred a debt to CPF Mondial and

several efforts were made in an attempt to collect this debt. (R. 13, Am. Compl.) On April 20,

2015, an employee of debt collector FCO called Plaintiff's parents claiming she owed a debt. (*Id.*

¶ 11.) On May 15, 2015, Plaintiff mailed a letter to FCO demanding that it verify the debt she

owed, stating that she would need 30 days to investigate any claim, demanding that all collection activity cease during this investigation period, and requesting that FCO only communicate with her in writing. (*Id.* ¶ 13; *see also* R. 13-1, Ex. 1 to Am. Compl., Letter.) Despite Plaintiff's requests, on May 28, 2015, FCO called Plaintiff regarding the alleged debt. (R. 13, Am. Compl. ¶ 12.) Plaintiff also claims that between August 12 and August 16, 2014, FCO called her sister four times regarding the debt. (*Id.* ¶ 18.) FCO eventually sent a verification of debt form to Plaintiff. (*Id.* ¶ 14.) The verification of debt form lists FCO as the "Debt Collector," "Mondial River West" as the "Creditor," and the account balance as $850.30. (*Id.* ¶ 15; *see also* R. 13-2, Ex. 2 to Am. Compl., Verification of Debt Form.) Plaintiff claims that while Mondial River West is listed as the creditor on the verification of debt form, that name is not included anywhere in her lease. (R. 13, Am. Compl. ¶ 17.)

The above series of events has spurred at least two separate class-action lawsuits filed by Plaintiff. On April 10, 2015, Plaintiff filed a lawsuit in the Circuit Court of Cook County against CPF Mondial and Lincoln Property Company ("Lincoln"). *Simon v. CPF Mondial, LLC*, 2015-CH-06070 (Cook Cty. Cir. Ct. filed Apr. 10, 2015). In the original lawsuit, Plaintiff alleges that CPF Mondial and Lincoln violated the City of Chicago Residential Landlord and Tenant Ordinance ("RLTO"), § 5-12-010 *et seq.* (R. 26-3, Ex. C to Reply, Am. Answer ¶¶ 26-31.) Plaintiff alleged that Lincoln "is a property management and real estate brokerage services company and an agent of CPF Mondial." (*Id.* ¶ 4.) In response, CPF Mondial and Lincoln brought a counterclaim against Plaintiff claiming that she owed $850.30 and that she violated the RLTO by failing to pay rent, parking charges, and utility bills. (R. 13-4, Ex. 4 to Am. Compl., Countercl. ¶¶ 3, 7.) That lawsuit is currently pending in Cook County.

On April 18, 2016, Plaintiff filed a second class-action lawsuit against Defendants in the Circuit Court of Cook County alleging that they violated the FDCPA. (R. 1-2, Ex. A to Notice of Removal, Compl. ¶ 1.) Defendants removed the action to this Court. (R. 1, Notice of Removal.) This Court dismissed Plaintiff's complaint and gave leave for her to file an amended complaint. (R. 5, Minute Entry). Plaintiff filed her amended complaint on August 5, 2016. (R. 13, Am. Compl.) She alleges that both CPF Mondial and FCO are debt collectors "as defined by the FDCPA." (*Id.* ¶¶ 5, 7.) Plaintiff claims that FCO violated the FDCPA by continuing to contact Plaintiff after she had disputed the debt, by not verifying the debt in a timely fashion, and by failing to identify the owner of the alleged debt. (*Id.* ¶ 33.) As to CPF Mondial, Plaintiff alleges that it "regularly uses a name that is not its own, 'Mondial River West,' in the process of collecting its debts," and that CPF Mondial "violated the FDCPA by failing to identify the current creditor or owner of the alleged debt as part of its collection activities." (*Id.* ¶¶ 4, 26(g), 33(a).) Plaintiff also alleges that "Mondial River West continued its collection attempts into March 2016" by asserting its counterclaim "for $850.30 through CPF Mondial . . . and Lincoln . . . in the lawsuit 2015-CH-060670 pending in the Circuit Court of Cook County, Illinois." (*Id.* ¶ 19.)

CPF Mondial now moves to dismiss the FDCPA claim under Federal Rule of Civil Procedure 12(b)(6). (R. 14, Mot. to Dismiss.) On September 27, 2016, Plaintiff responded, and CPF Mondial replied on October 18, 2016. (R. 25, Resp.; R. 26, Reply.)

## LEGAL STANDARD

To survive a motion to dismiss, a complaint must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A Rule 12(b)(6) motion challenges the "viability of a complaint by arguing that it fails to state a

claim upon which relief may be granted." *Firestone Fin. Corp. v. Meyer*, 796 F.3d 822, 825 (7th Cir. 2015). In deciding a Rule 12(b)(6) motion, the Court must "construe it in the light most favorable to the nonmoving party, accept well-pleaded facts as true, and draw all inferences in [the party's] favor." *Bell v. City of Chi.*, 835 F.3d 736, 738 (7th Cir. 2016) (citation omitted). "To survive a motion to dismiss under Rule 12(b)(6), plaintiff's complaint must allege facts which, when taken as true, plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Cochran v. Ill. State Toll Highway Authority*, 828 F.3d 597, 599 (7th Cir. 2016) (internal quotation marks and citation omitted). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The Court can consider "allegations set forth in the complaint itself, documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013).[1]

## ANALYSIS

### I.   Whether CPF Mondial Is a Debt Collector Under FDCPA

CPF Mondial argues that Plaintiff's FDCPA claim fails because CPF Mondial is not a "debt collector" as defined by the FDCPA. (R. 15, Mem. at 4-8.) In response, Plaintiff argues that CPF Mondial is a lessor and lessors should be required to "comply with the FDCPA in the collection of debts." (R. 25, Resp. at 1-2.)

---

[1] Plaintiff has attached her lease, various correspondences, and a court filing from the initial state court lawsuit to her amended complaint, and CPF Mondial has attached an additional court filing from the prior lawsuit to its reply. The parties do not object to the Court's consideration of these documents or question their authenticity. Because these documents are either public records or are referenced in the amended complaint and central to Plaintiff's claims, they will be considered in connection with the motion. *See Williamson*, 714 F.3d at 436.

The central purpose of the FDCPA is to protect against abusive debt collection practices

by debt collectors. 15 U.S.C. § 1692(e); *Pettit v. Retrieval Masters Creditor Bureau, Inc.*, 211

F.3d 1057, 1059 (7th Cir. 2000). For the FDCPA to apply, the defendant must qualify as a "debt

collector." *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 384 (7th Cir. 2010). The FDCPA

defines a "debt collector" as "any person who . . . regularly collects or attempts to collect,

directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. §

1692a(6). Individuals who do not meet the statutory definition of "debt collector" cannot be held

liable under the FDCPA. *Pettit*, 211 F.3d at 1059. In addition, "[c]reditors who are attempting to

collect their own debts generally are not considered debt collectors under the statute." *Nielsen v.

Dickerson*, 307 F.3d 623, 634 (7th Cir. 2002).

Plaintiff argues that CPF Mondial is a debt collector under the FDCPA because it was her

landlord and was attempting to collect a debt owed is not persuasive. (R. 25, Resp. at 1-2.) Under

the FCPA, a creditor is "any person who offers or extends credit creating a debt or to whom a

debt is owed[.]" 15 U.S.C. § 1692a(4). The lease agreement explicitly states that the contract is

between the resident, Plaintiff, and the owner, CPF Mondial. (R. 13-3, Ex. C to Am. Compl.,

Lease.) Any rent, fees, or debt owed by Plaintiff were due directly to CPF Mondial. Therefore,

CPF Mondial is a creditor not a debt collector and "[a]n entity that tries to collect money owed to

itself is outside the FDCPA." *Carter v. AMC, LLC*, 645 F.3d 840, 842 (7th Cir. 2011); *see

also Ruth v. Triumph Partnerships,* 577 F.3d 790, 796 (7th Cir. 2009) ("The FDCPA

distinguishes between debt collectors, who are subject to the statute's requirements, and

creditors, who are not.").

The simple fact that CPF Mondial was Plaintiff's landlord does not put it within the

FDCPA's purview. Indeed, numerous courts within this district have rejected the assertion that a

landlord attempting to collect unpaid rent is a "debt collector" under the FDCPA. *See, e.g.,*

*Gaddy v. Wulf,* No. 09 C 5338, 2010 WL 1882015, at *5 (N.D. Ill. May 11, 2010) (dismissing

claim against landlord and noting that the plaintiff could not point to anything that "persuades

this Court that a landlord attempting to collect his own debts is a 'debt collector' under the

FDCPA"); *Clabault v. Shodeen Mgmt.,* 406 F. Supp. 2d 877, 880 n.1 (N.D. Ill. 2005) ("If [the

defendant] is a lessor collecting a debt of its own and not using an assumed name in its collection

efforts, it could not be held as a 'debt collector' in violation of the FDCPA."); *McCready v.

Jacobsen,* No. 04 C 1782, 2005 WL 2335489, at *9 (N.D. Ill. Sept. 22, 2005) (dismissing

FDCPA claim and concluding that the defendant was not a debt collector because "the complaint

explicitly states that Jacobsen was a 'creditor' of plaintiff, a conclusion that is reinforced by the

allegation that she was acting as plaintiff's 'landlady' ").

In support of her argument that landlords are subject to the FDCPA, Plaintiff urges the

Court to follow the Illinois Appellate Court's reasoning in *American Management Consultant,

LLC v. D. Carter,* 915 N.E.2d 411 (Ill. App. Ct. 2009). (R. 25, Resp. at 1-2.) In that case, the

Illinois Appellate Court found that American Management, a landlord, had failed to comply with

Illinois's forcible entry and detainer statute. *Id.* at 427-28. The court also held that, "as a matter

of first impression, . . . lessors are required to comply with the FDCPA in their efforts to collect

past-due rent from their lessees" and that American Management had "failed to comply" with the

FDCPA. *Id.* at 422-24.

The Court declines to follow the Illinois Appellate Court's reasoning in *American

Management* for numerous reasons. As a preliminary matter, a state court's interpretation of a

federal statute is not binding on this Court. *See RAR, Inc. v. Turner Diesel, Ltd.,* 107 F.2d 1272,

1276 n.1. In addition, the appellate court's FDCPA analysis was not part of the majority opinion,

but the opinion of one judge.[2] Further, the subsequent history of the case demonstrates that

federal courts have not followed the Illinois Appellate Court's FDCPA analysis. Following the

Illinois Appellate Court's conclusion that American Management had violated the FDCPA,

Carter filed an action in federal court. *See Carter v. Am. Mgmt. Consultants/Riverstone*

*Apartments*, No. 09 C 7181, 2010 WL 3527600 (N.D. Ill. Sept. 2, 2010). The district court

disagreed with the Illinois appellate court's FDCPA conclusion, dismissed the claim, and

concluded that "landlords are not debt collectors under the FDCPA when they seek to collect

past-due rent owed to them." *Id.* at *2 (internal quotation marks and citation omitted); *see also*

*Gaddy*, 2010 WL 1882015, at *5 (concluding that the *American Management* opinion regarding

the FDCPA was nonbinding dicta). Carter then appealed the dismissal to the U.S. Court of

Appeals for the Seventh Circuit. *Carter v. AMC, LLC*, 645 F.3d 840 (7th Cir. 2011). When

referencing the Illinois appellate court's opinion, the Seventh Circuit noted that the "opinion of

one member of a three-judge panel does not resolve any issue; it takes a majority to make an

authoritative ruling." *Id.* at 842. The Seventh Circuit also concluded that the district court was

correct in its analysis that a lessor attempting "to collect money owed to itself" is not a debt

collector as defined by the FDCPA. *Id.* Thus, in light of the subsequent history of *American*

*Management*, this Court declines to follow the Illinois Appellate Court's reasoning.

As lessor and owner of the apartment building attempting to collect money owed to it,

CPF Mondial does not fall within the statutory definition of "debt collector." Indeed, the

allegations and supporting exhibits demonstrate that CPF Mondial is a "creditor" under the

FDCPA. As such, Plaintiff cannot maintain an FDCPA claim against CPF Mondial.

---

[2] Specifically, while Judge McDade concluded that American Management had violated the FDCPA, *id.* at 420-24, the other two members of the panel did not join that portion of the opinion. *Id.* at 434 (Wright & Schmidt, JJ., concurring specially).

## II.     Whether the False Name Exception Applies

Plaintiff argues that even if CPF Mondial is not a "debt collector" as defined by the FDCPA, it should be treated as a debt collector under the FDCPA's "false name" exception. (R. 25, Resp. 2-4.) Specifically, Plaintiff alleges that CPF Mondial attempted to collect a debt from Plaintiff by using the names of two different entities—Mondial River West and Lincoln—in order to confuse her. (R. 13, Am. Compl. ¶¶ 4, 19; R. 25, Resp. at 2-4.) CPF Mondial responds that the false name exception is inapplicable. (R. 26, Reply at 6.)

One exception to the basic rule that creditors cannot be debt collectors is when they use the identities of third parties when attempting to collect a debt. This is commonly referred to as the "false name" exception. *Nielsen*, 307 F.3d at 631. The exception imposes liability when a "creditor who, in the process of collecting his own debts, *uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.*" 15 U.S.C. § 1692a(6) (emphasis added). However, the false name exception only applies when the third party is not genuinely involved in the collection of debt. *Nielsen*, 307 F.3d at 631 ("[A] creditor or an affiliate of a creditor who uses someone else's name so as to suggest to the debtor that a third party is involved in the debt collection process, *when in fact that party is not involved*, can be treated as a 'debt collector' under the FDCPA." (emphasis added)).

As to Lincoln, Plaintiff alleges that "Mondial River West continued its collection attempts into March 2016 by making a counterclaim for $850.30 through CPF Mondial LLC and Lincoln Property Company." (R. 13, Am. Compl. ¶ 19.) This allegation appears to assert that it was Mondial River West who was deceptively using Lincoln's identity and not CPF Mondial; however, Plaintiff's response attempts to shift the blame back to CPF Mondial. Plaintiff's response argues that "CPF Mondial LLC itself notes, they filed a state court counter-claim both

in their own name and in the name of their alleged management company, Lincoln Property Co., even though Lincoln does not (according to the Motion) actually have any rights to the rent themselves, since CPF Mondial LLC claims Lincoln Property Co. is a 'management' company." (R. 25, Resp. at 2.) Plaintiff's suggestion that CPF Mondial was deceptively using Lincoln's identity in an attempt to collect money owed fails for numerous reasons.

As a preliminary matter, Plaintiff's contention in her response that Lincoln is only the "*alleged*" management company for CPF Mondial, that CPF Mondial and Lincoln may be the same entity, or that there is some confusion as to Lincoln's true identity is disingenuous. (R. 25, Resp. at 2.) Plaintiff brought suit in 2015 against Lincoln and CPF Mondial. Plaintiff's original state court complaint alleges that "Lincoln . . . is a property management and real estate brokerage services company and agent of CPF Mondial LLC." (R. 26-3, Ex. C to Reply, Am. Answer ¶ 4.) Plaintiff's amended complaint in this lawsuit attached CPF Mondial and Lincoln's original answer and counterclaim in the state court lawsuit. In the original answer, Lincoln admits to Plaintiff's allegation that it "is a property management company" and that Lincoln "acts or has acted as an agent for CPF Mondial." (R. 13-4, Ex. 4 to Am. Compl., Answer ¶ 4.) The original answer in the state court lawsuit was filed nearly seven months before Plaintiff's response was filed in this case, and Plaintiff's counsel in this lawsuit and the original lawsuit are the same. Any suggestion by Plaintiff that she somehow could not discern Lincoln's basic relationship with CPF Mondial is misleading and simply not plausible.

In addition, the false name exception only applies when the third party (Lincoln) is not genuinely involved in the collection of debt. In *Nielsen v. Dickerson*, for instance, the Seventh Circuit held that the false name exception applied when a credit card servicing company used a law firm's name to send out collection letters to debtors. 307 F.3d at 634. Specifically, the court

9

held that the attorney was not meaningfully involved in the collection of the debts, and that the creditor had used the attorney's name to give the debtors "the false impression that someone other than [the creditor]—more particularly, an attorney—had become involved in the effort to collect the amounts that these debtors owed." *Id.* at 634. Ultimately, the court upheld the district court's conclusion that the creditor's attorney was not "genuinely involved in the effort to collect [the plaintiff's] debts'" and that the creditor was therefore a "debt collector" under the false name exception. *Id.* at 634.

Plaintiff's response suggests that CPF Mondial deceptively used Lincoln's identity to collect on the debt when Lincoln filed a counterclaim against Plaintiff. However, the state court records negate any allegation that CPF Mondial was deceptively attempting to use Lincoln's identity or that Lincoln was not actively involved in attempting to collect the debt. In fact, the underlying records demonstrate that Lincoln was separately involved in collecting the debt allegedly owed. When Plaintiff brought her original state court lawsuit against both entities, she alleged that CPF Mondial was the building's owner and that Lincoln was the property manager. (R. 26-3, Ex. C to Reply, Am. Answer ¶ 4.) Plaintiff's original complaint did not misidentify Lincoln or claim that CPF Mondial was using Lincoln as a pseudonym. In fact, the allegations in the state lawsuit demonstrate a clear division between the two entities. In addition, both parties brought a counterclaim against Plaintiff for the money owed, and Lincoln specifically sought an award of damages, costs, and attorneys' fees against Plaintiff. (R. 13-4, Ex. 4 to Am. Compl., Countercl.)

Simply put, CPF Mondial and Lincoln filed the counterclaim together—it is inconceivable that CPF Mondial was trying to shield its true identity when it brought the claim *with* Lincoln. In addition, Lincoln, by bringing a counterclaim against Plaintiff, demonstrated

that it was not sitting idly by, but actively attempting to collect the unpaid rent. Ultimately, in light of the underlying state court records, Plaintiff's allegations in the amended complaint do not set forth factual content to support an inference that Lincoln was not meaningfully involved in the collection of her debt. As such, the false name exception does not apply to CPF Mondial and Lincoln. *See, e.g., Leggett v. Louis Capra & Assocs.*, No. 13 C 05847, 2015 WL 1608662, at *10 (N.D. Ill. Apr. 10, 2015) (dismissing FDCPA claim and concluding that the property manager "enforcing a lease in which he is identified as the property manager does not create the deception that some third party other than the creditor with whom plaintiff has been dealing has been enlisted to collect the debt"); *Pulliam v. Am. Exp. Travel Related Servs.*, 08 C 6690, 2009 WL 1586012, at *4-5 (N.D. Ill. June 4, 2009) (holding that the plaintiff failed to allege facts that would support an inference that the defendant's attorneys were not meaningfully involved in collecting his debt such that defendant could be held liable under the "false name" exception).

Plaintiff also fails to sufficiently allege that CPF Mondial deceptively used the name of Mondial River West in an attempt to conceal its own identity. A "creditor does not have to solely use its name of incorporation under the FDCPA." *Everst v. Credit Prot. Ass'n, LP.*, No. 01 C 7025, 2003 WL 22048719, at *4 (N.D. Ill. Aug. 25, 2003). "Instead, a creditor should use the name under which it usually transacts business, or a commonly-used acronym, or any name that it has used from the inception of the credit relation." *Id.* (internal quotation marks and citation omitted); *see also Gutierrez v. AT&T Broadband, LLC*, 382 F.3d 725, 739 (7th Cir. 2004) (rejecting the plaintiff's assertion that the defendant deceptively used a name other than its true name).

The factual background and the court's reasoning in *Leggett v. Louis Capra & Assocs.* illustrate this point. 2015 WL 1608662. In *Leggett*, the plaintiff alleged that he entered into a

lease agreement and that the landlord was listed as "Louis Capra & Associates, LLC" (the "LLC"). *Leggett*, 2015 WL 1608662, at *1. Numerous riders and attachments to the lease—which were attached to the complaint—included the signature of "Louis Capra." *Id.* The plaintiff subsequently brought an FDCPA claim against the LLC. In opposition to a motion to dismiss, Plaintiff argued that the LLC was a "debt collector" under the FDCPA because it used Louis Capra's name "rather than its own name to collect its own debts." *Id.* at *10. The district court rejected this contention, pointing out that there were numerous documents that explicitly identified Louis Capra and repeated his name. *Id.* Thus, the court concluded that the use of "Capra's name did not" create a deception that some third party other than the creditor had been enlisted to collect the debt. *Id.*

Plaintiff claims that Mondial River West's name "is not listed anywhere in the Lease" and that CPF Mondial improperly uses Mondial River West's name in the process of collecting debts. (R. 13, Am. Compl. ¶¶ 4, 7.) Plaintiff attaches the verification of debt form that was sent by FCO, which lists the creditor as "Mondial River West." (*Id.* ¶ 15; *see also* R. 13-2, Ex. 2 to Am. Compl., Verification of Debt Form.) However, the additional documents attached to the amended complaint do not support Plaintiff's allegation that she was confused as to who was attempting to collect the unpaid rent. Mondial River West is referenced in multiple documents that Plaintiff attached to her amended complaint. For example, Plaintiff's signed a "Guest Parking Rental Agreement," which lists the "Community" as "Mondial River West" and has a signature section for "a Mondial River West employee." (R. 13-2, Ex. 2 to Am. Compl., Guest Parking Rental Agreement.)[3] Plaintiff also attached a "Utility Billing Move-Out" document that lists the property as "Mondial River West." (*Id.*) In addition, it is obvious that "CPF Mondial"

---

[3] The reply also asserts that the building's actual name is Mondial River West and includes a link to the building's website, (R. 26, Reply at 6 n.3); however, there is nothing in the amended complaint or the exhibits that this Court can consider that conclusively establishes this contention.

and "Mondial River West" are quite similar and share the uniquely identifying word "Mondial." Similar to the factual background in *Leggett*, the use of Mondial River West instead of CPF Mondial could not create a false illusion that a third party *other* than the creditor was attempting to collect the money owed.[4] Thus, the false name exception does not apply and CPF Mondial is not a debt collector under FDCPA.

### III. Vicarious Liability for FCO's Actions

CPF Mondial also argues that Plaintiff "has failed to plead a plausible vicarious liability claim against CPF Mondial for the alleged acts of co-defendant," FCO. (R. 15, Mem. at 1, 9.) Plaintiff does not respond to this argument.

The Seventh Circuit has acknowledged that "the FDCPA has utilized the principle of vicarious liability." *Pettit*, 211 F.3d at 1059. Recently, the Seventh Circuit held that "[a] debt collector should not be able to avoid liability for unlawful debt collection practices simply by contracting with another company to do what the law does not allow it to do itself." *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 325 (7th Cir. 2016). However, "[o]ne important limitation on this principle is that 'individuals who do not otherwise meet the definition of debt collector cannot be held liable under the act.' " *Washington v. Portfolio Recovery Assocs., LLC*, --- F. Supp. 3d ---, 2016 WL 5477519, at *12 (N.D. Ill. Sept. 29, 2016) (quoting *Pettit*, 211 F.3d at 1059); *see also Janetos*, 825 F.3d at 325 ("[W]e think it is fair and consistent with the Act to require a debt collector who is independently obliged to comply with the Act to monitor the

---

[4] Plaintiff's amended complaint also alleges that "Mondial River West" was attempting to collect a debt owed when it filed a counterclaim "through CPF Mondial . . . and Lincoln." (R. 13, Am. Compl. ¶¶ 4, 19.) The plain language of this allegation cannot support an inference that CPF Mondial was using the false name of Mondial River West in an attempt to collect a debt owed. If CPF Mondial was attempting to conceal its identity when filing a counterclaim against Plaintiff in state court as Plaintiff suggests, it would have actually used Mondial River West's name. Instead, CPF Mondial used its *own* name when filing the counterclaim and Mondial River West is never mentioned in the counterclaim. Thus, this allegation cannot support Plaintiff's theory that the false name exception applies.

actions of those it enlists to collect debts on its behalf. On the other hand, a company that is not a debt collector would not ordinarily be subject to liability under the Act at all."). Because Plaintiff does not plausibly allege that CPF Mondial is a "debt collector" under the FDCPA, Plaintiff cannot allege a plausible claim that CPF Mondial should be held vicariously liable for FCO's actions under the FDCPA. S*ee, e.g., Bywater v. Wells Fargo Bank, N.A.*, 13 C 4415, 2014 WL 1256103, at *5 (N.D. Ill. Mar 24, 2014) (granting motion to dismiss as to one of the defendants after concluding that it was not a debt collector under the FDCPA and, thus, that the plaintiff could not allege vicarious liability against that defendant).

Because Plaintiff cannot allege facts to support a claim that CPF Mondial is a "debt collector" under the FDCPA, her claim against CPF Mondial will be dismissed with prejudice. *See Doe v. Vill. of Arlington Heights*, 782 F.3d 911, 919 (7th Cir. 2015) ("[L]eave may be denied where the amendment would be futile."); *see, e.g., Saenz v. Buckeye Check Cashing of Ill.*, No. 16 CV 6052, 2016 WL 5080747, at *4 (N.D. Ill. Sept. 20, 2016) (dismissing FDCPA claim with prejudice where plaintiff failed to allege that the defendant was a "debt collector" under the FDCPA).

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS CPF Mondial's motion to dismiss (R. 14). The FDCPA claim against CPF Mondial is dismissed with prejudice. The parties shall appear for a status hearing on December 13, 2016, at 9:45 a.m. The parties are also DIRECTED to reevaluate their settlement positions in light of this opinion and to exhaust all settlement possibilities prior to the status hearing.

ENTERED: _____

**Chief Judge Rubén Castillo**
**United States District Court**

**Dated: November 22, 2016**